1  SEAN P. FLYNN (SBN: 15408)
   TOMIKO A. ORTIZ (SBN: 16599)
2  **GORDON REES SCULLY MANSUKHANI**
   1 Liberty Street, Suite 424
3  Reno, NV 89501
   Telephone:    (775) 467-2610
4  Email:        sflynn@grsm.com
                 tortiz@grsm.com

5  Attorneys for Defendant
   IQ DATA INTERNATIONAL DATA, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JESSIKAH KIPF, | CASE NO. 2:24-cv-00165-JAD-BNW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| IQ DATA INTERNATIONAL, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendant. | |

1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: internal proprietary policies and procedures; confidential third-party business contracts containing trade secret information; and account records including potential Third-Party Personal Identifying Information.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

        (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

Gordon Rees Scully Mansukhani, LLP
1 East Liberty Street, Suite 424
Reno, NV 89501

1 agree that a particular document or material produced is for Attorney's Eyes Only and is so
2 designated;

3     (c)    experts and consultants to whom disclosure is reasonably necessary for
4 this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
5 (Exhibit A);

6     (d)    the court, court personnel, and court reporters and their staff;

7     (e)    copy or imaging services retained by counsel to assist in the duplication of
8 confidential material, provided that counsel for the party retaining the copy or imaging service
9 instructs the service not to disclose any confidential material to third parties and to immediately
10 return all originals and copies of any confidential material;

11     (f)    during their depositions, witnesses in the action to whom disclosure is
12 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
13 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of
14 transcribed deposition testimony or exhibits to depositions that reveal confidential material must
15 be separately bound by the court reporter and may not be disclosed to anyone except as permitted
16 under this agreement;

17     (g)    the author or recipient of a document containing the information or a
18 custodian or other person who otherwise possessed or knew the information.

19     4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or
20 referencing such material in court filings, the filing party shall confer with the designating party,
21 in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will
22 remove the confidential designation, whether the document can be redacted, or whether a motion
23 to seal or stipulation and proposed order is warranted. During the meet and confer process, the
24 designating party must identify the basis for sealing the specific confidential information at
25 issue, and the filing party shall include this basis in its motion to seal, along with any objection
26 to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be
27 followed and the standards that will be applied when a party seeks permission from the court to
28

file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.  DESIGNATING PROTECTED MATERIAL

    5.1  Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2  Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

        (a)  Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies

for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. The challenging party shall

1 initiate the dispute resolution process by providing written notice of each designation it is
2 challenging and describing the basis for each challenge, within 7 days of the designation. The
3 parties shall attempt to resolve each challenge in good faith and must begin the process by
4 conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)
5 within 14 days of the date of service of notice. Any motion regarding confidential designations
6 or for a protective order must include a certification, in the motion or in a declaration or affidavit,
7 that the movant has engaged in a good faith meet and confer conference with other affected
8 parties in an effort to resolve the dispute without court action. The certification must list the
9 date, manner, and participants to the conference. A good faith effort to confer requires a face-
10 to-face meeting or a telephone conference.

11       6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court
12 intervention, the designating party may file and serve a motion to retain confidentiality under
13 Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) within 21 days
14 of the initial notice of challenge. Failure by the designating party to make such a motion
15 including the required declaration within 21 days shall automatically waive the challenge to the
16 confidentiality designation for each challenged designation. The burden of persuasion in any
17 such motion shall be on the designating party. Frivolous challenges, and those made for an
18 improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties)
19 may expose the challenging party to sanctions. All parties shall continue to maintain the material
20 in question as confidential until the court rules on the challenge.

21 7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
22 LITIGATION</u>

23 If a party is served with a subpoena or a court order issued in other litigation that compels
24 disclosure of any information or items designated in this action as "CONFIDENTIAL," that
25 party must:

26       (a)    promptly notify the designating party in writing and include a copy of the
27 subpoena or court order;

28

**Gordon Rees Scully Mansukhani, LLP**
1 East Liberty Street, Suite 424
Reno, NV 89501

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

1  Notwithstanding this provision, counsel are entitled to retain one archival copy of all
2  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,
3  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert
4  work product, even if such materials contain confidential material.

5  The confidentiality obligations imposed by this agreement shall remain in effect until a
6  designating party agrees otherwise in writing or a court orders otherwise.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  June 17, 2025                         *s/Gustavo Ponce*
                                              Attorneys for Plaintiff
                                              JESSIKAH KIPF

DATED:  June 17, 2025                         *s/Sean P. Flynn*
                                              Attorneys for Defendant
                                              I.Q. DATA INTERNATIONAL, INC.

**IT IS FURTHER ORDERED** that in filing any motions to seal, the parties must follow the procedural requirements of Fed. R. Civ. P. 5.2 and LR IA 10-5, as well as the requirements of *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

**IT IS SO ORDERED**

**DATED:** 4:05 pm, June 23, 2025

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**Gordon Rees Scully Mansukhani, LLP**
1 East Liberty Street, Suite 424
Reno, NV 89501

-8-